IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO VELÁZQUEZ PÉREZ<br>Plaintiff<br><br>Vs.<br><br>DEVELOPERS DIVERSIFIED REALTY CORP.; DDR PR VENTURES II LLC<br>Defendant | CIVIL NUM.:<br><br><br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff through the undersigned attorney, and very respectfully STATES, ALLEGES and PRAYS as follows:

**I.   INTRODUCTORY STATEMENT**

1. The plaintiff, Antonio Velázquez Pérez, from hereinafter "Velázquez", brings this action under the Title VII of the Civil Rights Act 42 U.S.C s 2000e *et seq.*, as well as under and various Puerto Rico antidiscrimination statutes, seeking redress from his former employer, Developers Diversified Realty Corp.; DDR PR Ventures II, LLC, ("defendants") for conduct in the workplace which constitutes sexual harassment and employment discrimination by reason of sex and gender, and also for retaliation due to his opposition against defendant's unlawful employment practices.

**II.   JURISDICTION**

1. The jurisdiction of this Honorable Court in invoked pursuant to The Civil Rights Act of 1964, as amended; The Civil Rights Act of 1991, as amended, from hereinafter "Title VII"; section 704 (a) of Title VII; 28 U.S.C. secs. 1331, 1343, 2201 and 2202. The plaintiff also invokes

this Court's supplemental jurisdiction pursuant to 28 U.S.C. sec. 1367, and seeks relief under Puerto Rico's Law No. 100 of June 30, 1959, PR Laws Ann. T. 29 sec. 146 et seq., Law 17 of April 22, 1988, 29 L.P.R.A., sec. 155 et seq.; Law 69 of July 6, 1985, 29 L.P.R.A., sec. 1321, et seq; and Law No. 80, of May 30th, 1976, as amended.

  2. All conditions precedent to jurisdiction under Title VII, have been complied with, the plaintiff filed a discrimination charge before the Equal Employment Opportunity Commission ("EEOC") and the Antidiscrimination Unit of the Department of Labor ("ADU"), received the Notice of Right to Sue letter, and the Complaint is being filed within the 90 days of receiving the letter.

  3. The plaintiff is citizen of the Commonwealth of Puerto Rico.

  4. This action involves a sum in excess of $75,000.00, exclusive of interest and cost.

  5. This is the proper venue to bring this action, since the facts relating to the cause of action arose in this district.

### III. JURY TRIAL DEMANDED

  1. The plaintiff demands a jury trial on all causes of action pleaded in this case.

### IV. PARTIES

  1. The plaintiff, Velázquez, is a natural person, of legal age, and resident of Puerto Rico.

  2. The defendant is a corporation duly incorporated and authorized to do business in Puerto Rico, and has continuously employed in excess of 20 persons at all times. At all times, the defendant has been an "employer" as all applicable statutes define that term.

### V. FACTS

  1. Velázquez started working for the defendant, on June 1st, 2007. Velázquez, in or around June 1st, 2007, was promoted to the position of Operations Manager. Velázquez, in or around

November 1st, 2007, was again promoted to the position of Regional General Manager.  It must be pointed out that all of these promotions included a salary increase, since again, Velázquez performance, at all times, was of excellence.

2. Velázquez' performance, during all the years that he worked for the defendant, up until the day in which he was discharged on August 25th, 2008, was outstanding, and he worked extremely hard, on a daily basis.

3. Nevertheless and notwithstanding the aforementioned, defendant's Human Resources Manager and Regional Property Accountant and one of defendant's top officers, Mrs. Rosa Martínez ("Martínez") started to harass and discriminate against Velázquez, due to his sex and gender, and later on, also due his opposition against defendant's unlawful practices.

4. Among defendant's, including Martínez, harassment, discriminatory and retaliatory actions against the plaintiff, were the following:

5. Martínez was constantly making derogatory and discriminatory comments and remarks to the plaintiff, because of his sex and gender, and later on, due to plaintiff's opposition to defendant's unlawful employment practices.  Among the discriminatory comments and remarks, were the following:

6. Martínez constantly made sexually charge comments, and unwanted physical advances to the plaintiff.

7. Martínez, during the times in which Martínez and Velázquez had to travel together in a business trip, wanted to stay in the same room with Velázquez and wanted to sustain sexual intercourse with Velázquez.  Velázquez, at all times, rejected Mrs. Martínez sexual advances.  Mrs. Martínez, on several occasions, even tried to enter into Velázquez' hotel room by the use of force. Martínez would then constantly threatened Velázquez with the termination of his employment if he

do not have sexual intercourse with her.

8. Martínez was constantly trying to touch and hug Velázquez, and to kiss him in his mouth.

9. Martínez constantly told Velázquez that if he accepted her and had sexual intercourse with her, that Velázquez would not have any problems and would continue working with the defendant. However, that if Velázquez continued rejecting her, she would have him terminated.

10. Martínez constantly told Velázquez that he cannot relate with other persons and that if she noticed that Velázquez relate or had any type of relationship with any other person, she would not let that happen.

11. Martínez constantly told Velázquez that he must forget and let go his wife, and that she did not love her husband, and that she only wanted to be with Velázquez and not with her husband.

12. Martínez constantly sent e mails to Velázquez, in which she stated that she loved him, and that she wanted to be with him, and that she did not care that Velázquez was married, since that was a problem of Velázquez wife and not of her.

13. Martínez constantly referred to Velázquez as: "mi amor", "cariño", "mi cielo", among others. Martínez also constantly send to Velázquez unsolicited gifts.

14. Velázquez, at all times, informed Martínez that her conduct towards him was unwelcome and he rejected it at all times; nevertheless, Martínez constantly threatened Velázquez by telling him that if Velázquez continued with his rejections, she was going to make Velázquez' life miserable, and would make that Velázquez be terminated from his position.

15. Martínez constantly threatened Velázquez by telling him that she was very well connected, and had a very good relationship with plaintiff's supervisors, and that she could make

plaintiff's supervisors to terminate his employment at any time. Martínez was responsible for promotion of one of plaintiff's supervisors, Mr. Rolando Albino.

16. Martínez also took several actions in order to negatively affect plaintiff's performance and the operation that Velázquez' managed, by failing to approve plaintiff's request for funds, services, information, and equipment which were necessary in order to be able to run the operations, and also by providing false an incorrect information in different reports, in order to negatively affect plaintiff's performance.

17. Martínez also constantly made false, negative comments, about Velázquez, to defendant's employees and officers in order to tarnish and negatively affect plaintiff's reputation before his peers, the employees that he supervised, and the different clients.

18. Martínez constantly threatened Velázquez, by telling him that he would be terminated at any moment, due to the fact that he had not accepted her as a woman, and had also not engage with her in any type of sexual relationship.

19. Due to all the aforementioned, Velázquez, complained to defendants' officers, among these Mr. Rolando Albino, regarding the fact that he was being harassed and discriminated, due to his sex and gender. Nevertheless and notwithstanding Velázquez' allegations and discrimination complaints, the defendant did nothing, and thus, the harassment and discrimination against the plaintiff continued, and worst of all, increased up until the day of his termination. Even worst, Mr. Albino informed Velázquez that he should not continue with his complaints, since Martínez was one of defendant's officers and that it was going to be him the one that was going to be discharged if he continue with his complaints.

20. Martínez continued with the previously described harassing and discriminatory actions against Velázquez, up until plaintiff's termination.

21. Velázquez, on several occasions, in order to put an end to the discriminatory and harassing actions from Martínez against him, requested other positions, to which he was more than qualified to occupy, however, the defendant never considered Velázquez for any of the positions, and instead, left him working with Martínez up until his termination.

22. Defendants' officers started issuing memos and reprimanded Velázquez for totally unjustified reasons, in order to harass and discriminate against him. Defendant's officers constantly told the plaintiff that if he continued with his complaints against Martínez, he was going to be terminated.

23. Immediately after plaintiff's complaints to defendant's officials with regards to the unwelcome conduct and the harassing and discriminatory actions from Martínez against Velázquez, defendant's officers, including Martínez, informed him that he would be terminated from his employment, due to his complaints. Velázquez' supervisors also threatened the plaintiff by telling him that he was going to be discharged due to his complaints against Martínez.

24. Martínez, notwithstanding plaintiff's complaints, and also due to defendant's failure to take any type of remedial nor corrective actions, continued with the previously described harassing and discriminatory actions against Velázquez previously mentioned, up until plaintiff's termination.

25. Velázquez continued complaining to defendant's officials, among others Mr. Albino, regarding the unwelcome conduct and the discriminatory actions from Martínez against him, nevertheless, defendant's officers constantly told Velázquez that if he did not like the conduct of Martínez against him, then he had to leave, because they were not going to do anything about it.

26. Velázquez was terminated on August 25th, 2008, for totally false and unjustified reasons.

27. Velázquez filed a charge of discrimination, on February 26th, 2009, by reason of sex,

gender and retaliation, before the Equal Employment Opportunity Commission and the Antidiscrimination Unit.

28. Velázquez' termination was due to his sex and gender, and his opposition against defendant's unlawful employment practices.

29. Defendant's harassment and discriminatory actions and omissions against Velázquez, created a hostile working environment, which negatively and drastically affected plaintiff's terms and conditions of employment, as well as plaintiff's mental and emotional condition.

30. As a result of the events described herein, Velázquez has suffered considerable damages, including loss of compensation for his work, economic damages, significant mental, emotional and physical sufferings, loss of self-esteem, as well as an affront to his dignity as a human being.

31. At the time plaintiff was harassed and discriminated by the defendant, the latter were fully aware of the provisions of the Civil Rights Act, Law Num. 100, supra and Law Num. 80, supra. Defendant acted willfully and with reckless disregard of the law in harassing and discriminating against the plaintiff, solely because of Velázquez' sex, gender, and his opposition to defendant's unlawful employment practices. The harassment and discrimination against Velázquez, constitute a willful violation of Title VII and Law Num. 100, supra, and as such, entitles the plaintiff to recover punitive, double, and compensatory damages.

**VI. CAUSES OF ACTION**

### FIRST CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs, as if fully alleged herein.

2. Defendant's actions and or omissions constitute discrimination by reason of sex, gender, and also retaliation for plaintiff's opposition to defendant's unlawful employment practices,

in violation of the constitutions and laws of the Commonwealth of Puerto Rico, as well as of the United Sates of America.

## SECOND CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs, as if fully alleged herein.

2. Defendant's actions or omissions constitute discrimination by reason of sex, gender, and also retaliation for plaintiff's opposition to defendant's unlawful employment practices, in violation Title VII, of Law 100 of June 30, 1959, as amended, 29, LPRA sec. 146 et seq.; Law 17 of April 22, 1988, 29 L.P.R.A., sec. 155 et seq.; and Law 69 of July 6, 1985, 29 L.P.R.A., sec. 1321, et seq.

## THIRD CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs, as if fully alleged herein.

2. The events previously described constitute an unjust dismissal in violation of Law Num. 80, supra.

## FOURTH CAUSE OF ACTION

1. Plaintiff alleges and realleges all previous paragraphs as if fully alleged herein.

2. The events described herein constitute retaliation, in violation of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991, as amended.

**WHEREFORE**, the plaintiff prays this Honorable Court for:

1. Enter a declaratory judgment against the defendant, due to violations of the Constitution and Laws of the United States of America and of the Commonwealth of Puerto Rico.

2. Award plaintiff damages in the amount of $800,000.00 for mental anguish, mental and emotional sufferings, distress, and loss of self esteem.

3. Order the defendant to make the plaintiff's whole, by ordering damages for loss of

income, back pay, front pay, and loss of benefits, in an amount not less than $800,000.00.

4. Award the plaintiff compensatory damages caused as a result of the illegal actions and omissions in the amount of $800,000.00

5. Award the plaintiff punitive damages.

6. Award plaintiff double damages.

7. Award the plaintiff cost of this action, together with reasonable attorney fees.

8. Reinstatement.

9. Award the plaintiff prejudgement interest.

10. Award the plaintiff such further relief as this Honorable Court deems fair and appropriate.

**RESPECTFULLY SUBMITTED.**

At San Juan, Puerto Rico, this 4th day of January of the year 2010.

s:/ANIBAL ESCANELLAS RIVERA
U.S.D.C. #208908
escanellas@prtc.net

**ESCANELLAS & JUAN, P.S.C.**
204 Domenech Ave.
Hato Rey, PR 00918
Tel. 787.758.3000  Fax: 787.250. 1111