IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANTONIO VELÁZQUEZ-PÉREZ,

Plaintiff

v.                                                                CIVIL 10-1002 (JA)

DEVELOPERS DIVERSIFIED REALTY
CORP.; DDR PR VENTURES II LLC,

Defendant

OPINION AND ORDER

This matter is before the court on two motions to compel discovery filed by plaintiff, Antonio Velázquez-Pérez, on October 22, 2010 and December 27, 2010. (Docket Nos. 17 & 34.) The defendant, Developers Diversified Realty Corp.; DDR PR Ventures II LLC, opposed plaintiff's motions on October 25, 2010 and December 28, 2010. (Docket Nos. 19 & 35.) For the reasons set forth below, plaintiff's motions to compel are hereby DENIED.

I. OVERVIEW

In the first motion to compel plaintiff requests that the defendant be ordered to produced any and all emails, letters and documents that might have been exchanged between Mrs. Rosa Martínez and Mr. Rolando Albino. (Docket No. 17, at 1-2.) According to plaintiff, Mrs. Rosa Martínez and Mr. Rolando Albino were directly involved in the adverse employment actions (subject of the complaint)

CIVIL 10-1002 (JA)                                              2

taken against him. (Id.) In essence, plaintiff alleges that the defendant failed to produce the documents requested when it responded to the first set of interrogatories and request for production of documents, on October 11, 2010. (Id. at 1.) He claims that even though he tried to obtain the documents and was told by the defendant's counsel that they would be given to him, the documents were never produced. (Id. at 1-2.) Plaintiff states that the documents requested are needed to prepare for the taking of a deposition and to conduct additional discovery. (Id. at 2.)

The defendant, in turn, argues that plaintiff's counsel ignored Local Civil Rule 26(b) by not making any effort whatsoever to meet and confer with its counsel in order to discuss the issue. (Docket No. 19, at 2, ¶ 2.) The defendant claims that contrary to what plaintiff alleges, its attorney never received a phone call from his counsel in connection with the discovery dispute. (Id.) Furthermore, the defendant argues that even though the documents were requested on two occasions via email, plaintiff's counsel was told that some of the documents had already been produced while others were still trying to be gathered. (Id. at 2, ¶ 3.) According to the defendant, plaintiff's counsel was also offered to meet and confer as required by Local Civil Rule 26(b) but that plaintiff declined to do so.

CIVIL 10-1002 (JA)                                           3

(Id.)  Thus, the defendant requests that plaintiff's motion to compel be stricken. (Id.)

In the second motion to compel plaintiff reiterates his position regarding the defendant's failure to produce the documents requested including those involving Mrs. Rosa Martínez and Mr. Rolando Albino. (Docket No. 34, at 1.) Plaintiff claims that several letters were sent requesting the documents, but that he was told by the defendant's counsel that the documents were not going to be produced. (Id. at 2.) According to plaintiff, the defendant's counsel told his attorney that the deposition had to be taken before they produce any of the documents requested. (Id.) Plaintiff states that the defendant's failure to produce the documents requested have disrupted and delayed the proceedings. (Id. at 3.) As a result, plaintiff requests that the defendant's affirmative defenses be stricken, or in the alternative that they not be allowed to conduct discovery nor file any type of dispositive motion. (Id.)

The defendant counters that, like the first motion to compel, the second motion to compel has to be stricken because it was filed without any attempt to meet and confer under Local Civil Rule 26(b). (Docket No. 35, at 1, ¶ 1.) In addition, the defendant claims that plaintiff also failed to comply with Federal Rule of Civil Procedure 37(a)(1) by not including with the motion a certification stating

CIVIL 10-1002 (JA)  4

that an attempt in good faith was made to meet and confer in order to solve the discovery dispute without the court's intervention. (Id. at 1-2, ¶¶ 2 & 3.) The defendant argues that the letters sent by plaintiff's counsel prove that there was no intent on his part to meet and confer as required by Local Civil Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1). (Id.) Furthermore, the defendant argues that plaintiff's allegation that his attorney was told by opposing counsel that the documents requested were not going to be produced, is false and misleading. (Id. at 2-3, ¶ 4.) The defendant claims that the documents requested were in fact produced, including some of the emails exchanged between Mrs. Rosa Martínez and Mr. Rolando Albino. (Id.) The only documents that the defendant claims were not produce were those that were irrelevant, burdensome, over-broad, and/or contained private confidential information of third parties who are not related to the case. (Id.) Finally, the defendant claims that many of plaintiff's answers to their interrogatories and request for productions were objected to, but that plaintiff has not provided any response. (Id. at 3, ¶ 5.) Aside from requesting that the motion to compel be stricken, the defendant seeks an award of attorneys' fees and reasonable expenses incurred in opposing the motions to compel filed by plaintiff. (Id. at 4.)

CIVIL 10-1002 (JA)                                5

## II.  ANALYSIS

Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) require that before filing a motion to compel, the moving party has to certify that it "has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel" without the court's intervention.  Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b); see Fed. R. Civ. P. 37(a)(1); Brenford Envtl. Sys. L.P. v. Pipeliners of P.R., 269 F.R.D. 143, 147 (D.P.R. 2010).  "An attempt to confer will not suffice."  Local Rule 26(b); Vázquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. 150, 163 (D.P.R. 2010).

In this case, it is clear that plaintiff has failed to comply with the provisions of Local Civil Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1).  First, plaintiff in neither motion included a certification stating that he attempted in good faith to discuss the discovery dispute either personally or through a telephone conference.  Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. 31, 40-41 (D.P.R. 2010) (citing Shuffle Master, Inc. v. Progressive Games Inc., 170 F.R.D. 166, 172 (D. Nev.1996)).  Second, a careful examination of the emails and letters sent by plaintiff's counsel to the defendant's attorney does not reveal that a good faith effort was made in order to reach an agreement over the discovery dispute. Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. at 40-41 (citing Antonis v. Elec.

CIVIL 10-1002 (JA)                               6

for Imaging, Inc., 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("emails . . . do[ ] not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies"); Ross v. Citifinancial, Inc., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (the meet and confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue")).

     The only thing that can be drawn from these communications is plaintiff's unwillingness to solve the dispute by threatening the defendant with filing a motion to compel if the documents requested were not produced. (Docket No. 17-1, at 1 & 2.) The record shows that the defendant was willing to meet with plaintiff in order to solve the discovery dispute but that plaintiff never acceded to that fairly simple request. (Docket No. 19-1.) Also, the record reflects that the defendant's attorney explained to plaintiff's counsel that even though it did not appear from the index of documents that the email communications exchanged between Mrs. Rosa Martínez and Mr. Rolando Albino had been produced, some were included with all of the other documents that were provided. (Id.) "Thus, plaintiff['s] failure to comply with the meet and confer requirements constitutes sufficient reason to deny the motions to compel." Aponte-Navedo v. Nalco Chem. Co., 268 F.R.D. at 41.

CIVIL 10-1002 (JA)                             7

Although the defendant, as the prevailing party, has a right to request reasonable expenses, including attorneys' fees, incurred in opposing the motions to compel, Federal Rule of Civil Procedure 37(a)(5)(B) requires the court to allow plaintiff to show that the motions were reasonably justified, making an award unjust.  Cf. Jiménez v. Amgen Mfg. Ltd., 695 F. Supp. 2d 5, 8 (D.P.R. 2010); Colón v. Blades, 268 F.R.D. 129, 131-32 (D.P.R. 2010).  As such, I will not order the payment of said expenses until such time as plaintiff is heard.  Cf. CoStar Realty Inf., Inc. v. Field, --- F. Supp. 2d --- 2010 WL 3369349, at *15-16 (D. Md. Aug. 23, 2010); O. Ahlborg & Sons, Inc. v. United States, 233 F.R.D. 224, 226-27 (D. Mass. 2005); Notice v. DuBois,  187 F.R.D. 19, 20 (D. Mass. 1999).

### III. CONCLUSION

For the reasons set forth above, plaintiff's first and second motion to compel (Docket Nos. 17 & 34) are hereby DENIED.  Accordingly, plaintiff is ordered to show, in accordance with Federal Rule of Civil Procedure 37(a)(5)(B), whether the motions to compel were substantially justified or if there were any other circumstances that would make an award for reasonable expenses and attorneys' fees inappropriate.

At San Juan, Puerto Rico, this 28th day of January,  2010.

                                        S/ JUSTO ARENAS
                                  Chief United States Magistrate Judge